# STATE OF VERMONT

| SUPERIOR COURT<br>Environmental Division Unit | ENVIRONMENTAL DIVISION<br>Docket No. 23-3-15 Vtec<br>Docket No. 65-5-12 Vtec |
|---|---|
| Agency of Natural Resources,<br>     Petitioner<br><br>v.<br><br>Robert Colaceci,<br>     Respondent | DECISION ON MOTION |

**Decision on the motions is SUSPENDED.**

Pending before the Court is Respondent Robert Colaceci's Request for Hearing, Motion to Reopen, and Motion to Strike Administrative Order and Dismiss all Enforcement Actions. These motions regard two separate dockets that are pending before this Court. Docket No. 65-5-12 regards a 2012 administrative order (2012 AO) that the Agency of Natural Resources (ANR) filed against Mr. Colaceci, alleging various violations of Mr. Colaceci's solid waste facility certification. Docket No. 23-3-15 regards a 2015 administrative order (2015 AO) ANR filed against Mr. Colaceci for failing to re-certify his facility and continuing to accept used tires without a renewed certification.  Mr. Colaceci failed to timely file an appeal of the 2015 AO, and it therefore became a final judicial order. His request for a hearing and motion to reopen regard the 2015 AO, Docket No. 23-3-15. Mr. Colaceci's motion to strike regards both enforcement actions.

Mr. Colaceci operates a used tire and auto repair business on the Wolcott/Hardwick town line. Mr. Colaceci received a solid waste facility certification for this business in 2009. In May of 2012, ANR filed an administrative order with the Court alleging various violations of Mr. Colaceci's solid waste facility certification, including improper storage of used oil and failure to properly store his used tires.

At the time of the 2012 AO, Mr. Colaceci was undergoing bankruptcy proceedings. Because debtors undergoing bankruptcy ordinarily enjoy an automatic stay of all litigation against them, see 11 U.S.C. § 362(a), ANR sought an order from the U.S. Bankruptcy Court declaring that the enforcement action could proceed under the police and regulatory exception to the automatic stay provisions. See 11 U.S.C. § 362(b). The Bankruptcy Court ultimately decided that the environmental action could "proceed to seek remedies for non-compliance . . . only insofar as it may order Debtors to take remedial actions or to come into compliance with applicable provisions." In re Colaceci, No. 12-10382cab, at 1 (Bankr. D. Vt. Mar. 3, 2014). The Bankruptcy Court specifically enjoined this Court from "seeking to enforce or reduce to judgment any civil penalties sought in connection with the [2012 AO]." Id. The Bankruptcy Court also authorized ANR to move to modify its order. Id.

Mr. Colaceci's original solid waste certification (which the 2012 AO alleged he violated) was due to expire in September of 2014, and therefore required Mr. Colaceci to file for re-certification by the preceding April. Mr. Colaceci failed to file for a renewed certification by April, though he did submit a renewal application several days before September 30. ANR

received the application on October 3. ANR determined this application to be "administratively incomplete" and did not renew the certification.

After sending several reminders to Mr. Colaceci,[1] the Agency sent an inspector to the property in January of 2015. Mr. Colaceci accompanied the Agency inspector during her inspection. Based on what the inspector found, ANR initiated a second administrative order in February of 2015, alleging that Mr. Colaceci was still accepting used tires and therefore "operating" a solid waste facility without a certification in violation of 10 V.S.A. § 6605(a)(1) and Solid Waste Management Rules §§ 6-302(c) and 303. ANR also alleged that he had stockpiles and trailers full of tires at the facility and that he was therefore storing solid waste without a certification in violation of Solid Waste Management Rules § 6-302.[2] The 2015 AO ordered Mr. Colaceci to "implement the facility closure plan" and "complete closure, including removal of all tires to a certified solid waste facility." (Administrative Order at 3, filed Mar. 23, 2015). The 2015 AO also ordered that Mr. Colaceci disclose the account number for an $8,000 escrow account that he had established as a condition of his original 2009 certification, which was designed to assist with facility closure.

In late February, ANR moved for a continuance of the upcoming merits hearing on the 2012 AO, explaining that it was planning to file a new AO, and the new AO could affect the disposition of the original 2012 AO. The Court granted the continuance. ANR served its second AO on Mr. Colaceci on March 17, 2015. Mr. Colaceci did not respond to the AO within fifteen days, as required by statute and rule. See 10 V.S.A. § 8012(c); V.R.E.C.P 4(d)(2). The AO therefore became a final judicial order on April 16, 2015. See 10 V.S.A. § 8008(d).

Mr. Colaceci filed the present motion on May 26, 2015, seeking relief from the 2015 AO. He argues that the judicial order entered on the 2015 AO should be set aside "in the interests of justice," citing V.R.C.P. 60(b). Among various other procedural and substantive arguments, Mr. Colaceci argues that judgment on the 2015 AO would be unfair because he is "judgment proof" and closing his facility would hurt his creditors. He also argues that the enforcement action is contrary to his approved Chapter 13 plan.

The Court held a hearing on this motion on November 12, 2015 to address its concerns over the scope of the 2012 Bankruptcy order; specifically, the Court is concerned that facility closure (which the 2015 AO ordered) may go beyond the "remedial actions" authorized by the Bankruptcy Court. In the hearing, the parties confirmed that Mr. Colaceci's bankruptcy action is still pending. Mr. Colaceci informed the Court that he is currently paying $5,600 per month to the Bankruptcy Court as part of his plan. He also noted that his Chapter 13 plan had been modified as at least as recently as November 9, 2015. ANR confirmed that it was willing to move for a modification of the bankruptcy order to allow for facility closure.

After the hearing, the Court's concerns remain. The Bankruptcy Court's order specifically authorizes these proceedings "only insofar as it may order Debtors to take remedial actions or to come into compliance with applicable provisions." In re Colaceci, No. 12-10382cab, at 1 (Bankr. D. Vt. Mar. 3, 2014). Closure may go beyond the scope of "remedial actions" and may harm Mr. Colaceci's creditors, especially given that Mr. Colaceci's facility appears to still be generating non-negligible income. Given that the Bankruptcy Court's order specifically authorizes ANR to move to modify the order, and given ANR's expressed willingness to file such a motion, this Court **SUSPENDS** consideration of Mr. Colaceci's motions until ANR is able to

---

[1] On October 13, 2014, the Agency sent Mr. Colaceci a notice of alleged violation for operating without a permit and received no response from Mr. Colaceci. On November 10, 2014, the Agency sent Mr. Colaceci a letter indicating that it intended to draw on an $8,000 escrow account at the Chittenden Bank that had been created in 2009 for the specific purpose of eventually closing the facility. The Agency received no response.

[2] The Solid Waste Management Rules are codified at 16-3 Vt. Code R. §§ 200:1–13 (2012).

move to clarify or expand the scope of the 2014 Bankruptcy Court order and the Bankruptcy Court issues its decision in response.

**So ordered.**

Electronically signed on November 13, 2015 at 08:50 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division